UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 18, 2022

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | MAGISTRATE NO. 21-MJ-451 |
| | : | |
| LEON LIPSCOMBE, | : | VIOLATIONS: |
| | : | 18 U.S.C. § 2252(a)(2) |
| Defendant. | : | (Distribution of Child Pornography) |
| | : | 18 U.S.C. § 2252(a)(4)(B) |
| | : | (Possession of Child Pornography) |
| | : | |
| | : | FORFEITURE ALLEGATION: |
| | : | 18 U.S.C. § 2253 and 21 U.S.C. § 853(p) |

### INDICTMENT

The Grand Jury charges that:

#### COUNT ONE

On or about April 7, 2021, within the District of Columbia and elsewhere, the defendant, LEON LIPSCOMBE, did knowingly distribute any visual depiction, using any means and facility of interstate and foreign commerce, and that has been shipped and transported in and affecting interstate and foreign commerce, by any means, including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

(Distribution of Child Pornography, in violation of Title 18, United States Code, Sections 2252(a)(2))

#### COUNT TWO

On or about May 21, 2021, within the District of Columbia and elsewhere, the defendant, LEON LIPSCOMBE, did knowingly possess one or more matters, which contained any visual

depiction that had been mailed, shipped, and transported in interstate and foreign commerce, and which was produced using materials which had been mailed, shipped, and transported in interstate and foreign commerce, by any means including by computer, and the production of which involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

(**Possession of Child Pornography**, in violation of Title 18, United States Code, Sections 2252(a)(4)(B))

## FOREFIETURE ALLEGATIONS

1.  Upon conviction of the offenses alleged in Counts One and Two, the defendant, **LEON LIPSCOMBE**, shall forfeit to the United States any and all matters which contain visual depictions of minors engaged in sexually explicit conduct in violation of the charged offenses; any property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violations; and any and all property used or intended to be used in any manner or part to commit and to promote the commission of the aforementioned violation.

2.  If any of the property described above as being subject to forfeiture, as a result of any act or omission by the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or so to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above.

  (**Criminal Forfeiture**, pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section ~~2428)~~ 2253)

            A TRUE BILL:

            FOREPERSON.

*Matthew M Graves by AEL*

Attorney of the United States in
and for the District of Columbia.

3