UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 22-179 |
| v. | : | |
| **LEON LIPSCOMBE,** | : | |
| Defendant. | : | |

## STATEMENT OF OFFENSE

The parties in this case, the United States of America and the defendant, Leon Lipscombe, stipulate and agree that the following facts are true and accurate. These facts do not constitute all of the facts known to the parties concerning the charged offense; they are being submitted to demonstrate that sufficient facts exist that the defendant committed the offense to which he is pleading guilty: Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2).

### Statement of Facts

1. The FBI received a tip that Lipscombe was in a social media group devoted to the exchange of child pornography. As a result of that tip, the UC (a District of Columbia MPD Task Force officer with the FBI) investigated Lipscombe's publicly available social media accounts.

2. The UC eventually reached out to Lipscombe in March of 2021 on Twitter. The UC was pretending to be the father of a nine-year old boy. He told Lipscombe that he was an "open minded freaky dad." Lipscombe asked the UC what he was into sexually, and the UC responded, "no limits really," to which Lipscombe said, "I like the sound of that." Once on KIK, Lipscombe told the UC that his favorite age was "0-5." He asked the UC about his purported son, wondering, "what have you done with him and do u still mess around?"

1

3. In April, the UC asked Lipscombe if he had a Telegram account and the UC subsequently asked Lipscombe if he could send him "stuff". The UC provided a Telegram account. Within a minute, Lipscombe reached out and sent him a child pornography video depicting an adult male anally raping a small child. When the UC asked Lipscombe how old the child was, Lipscombe said he thought he was between five and six. That same day, Lipscombe sent an additional four videos of child pornography to the UC. The videos depicted adult males raping prepubescent boys.

4. On April 13, the UC asked Lipscombe, "how'd you get into this." Lipscombe responded that he went on "Tumblr, just faking down rabbit holes" but added that he "messed with his cousin when I was little and my lil bro when I was 13 and he was 6." Lipscombe later asked the UC, "so what normally happens with u and your son when he's over? Do y'all mess around at random when one of you is interested? Like what's a normal visit like." The UC told him that his kid engaged in "normal kid stuff," but that the UC also sexually abused him while he slept. Lipscombe replied, "U know I love hearing all this," and "I'd let him play the PS5 and just eat his ass all day tbh." The UC said his fantasy was to have someone "play" with his son. Lipscombe responded, "Wow, if I ever get the chance to enjoy him I'd be honored man. But no rush and that's totally your call. But yeah, I want him on his stomach and I come behind, kiss his neck and body til I slowly let his little Ass out of his underwear and eat his ass. Also Wanna suck his peepee. Watch him squirm and feel good from my mouth." Throughout all of the above-mentioned conversations, the UC and Lipscombe were in the District of Columbia. Moreover, all of the chat platforms they used to communicate, including those that Lipscombe used to send the child pornography

videos, were utilized with the Internet, a means and facility of interstate and foreign commerce.

5. On May 21, FBI and MPD executed a search warrant at Lipscombe's residence in D.C. Lipscombe was present in his apartment, and no one else appeared to live there. Lipscombe admitted talking to the UC and said he had sent him five to seven sexually explicit videos of children. He also acknowledged that he spoke to other like-minded individuals online and said he had between 100 and 5,000 child pornography videos and images on his electronic devices. Lipscombe further admitted that he believed he had engaged in sexual acts with a 17 year-old at Howard University in 2019 (when he was approximately 25 years old) and that he and his cousin had engaged in sexual acts when they were both minors.

6. Lipscombe's electronic devices were recovered and forensically examined. The forensic examination recovered over 600 videos and 1,000 images of child pornography. These videos and images were distributed or received between the dates of March and May 19, 2021. Other chat conversations in which Lipscombe distributed child pornography were also recovered, to include a lengthy chat with an individual who discussed his desire to "babysit" children so he could gain access to them. In that conversation, Lipscombe acknowledged that he had "felt" a little girl and wanted to "do" her but he didn't have time. He said that he had "felt on her pussy lips, shit was fat and warm." Lipscombe and this other individual planned to meet up so that they could have sex and also "perv" together. They sent each other numerous videos and photographs, and Lipscombe sent additional child pornography. Their conversations went all the way up to the day before the search warrant execution.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: */s/ Angela N. Buckner*
Angela N. Buckner
DC Bar #1022880
Assistant United States Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, DC 20530
Phone: (202) 252-2656

## DEFENDANT'S ACKNOWLEDGMENT

I, Leon Lipscombe, have read this Statement of the Offense and have discussed it with my attorney. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 1/12/23

Leon Lipscombe
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: 1/12/23

Brian McDaniels, Esquire
Attorney for Defendant